1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS L. WILLIAMS, AKA MALIK BEY SURRELL III,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 3:23-cv-00400-ART-CSD

ORDER ADOPTING R&R

(ECF Nos. 1, 1-1, 3)

10
11
12
13
14
15
16

*Pro se* Plaintiff Thomas L. Williams sues several police departments across the United States for several state-law tort claims based on the killing of black men by police departments. Magistrate Judge Denney issued a Report and Recommendation (R&R) recommending dismissal of Plaintiff's claims without prejudice for being filed in the wrong venue (ECF No. 3). Plaintiff objected to the R&R. (ECF No. 5.) The Court adopts the R&R in whole, dismisses Plaintiff's claims without prejudice, and instructs the Clerk to close the case.

17
18
19
20
21
22
23
24
25
26
27
28

A District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In reviewing a prisoner civil rights claim, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* prisoner civil rights pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The R&R recommended dismissing Plaintiff's complaint to allow him to file it in one of the courts in which the Defendant police departments operate. The R&R also found that despite naming the United States as a Defendant, Plaintiff had only alleged claims against police departments outside of Nevada. (ECF No. 3.) Liberally construing Plaintiff's objection, Plaintiff states that the United States, by subjecting Plaintiff's relatives to slavery, kidnapping, and murder, is a proper party. Plaintiff also states that he is an honorably discharged veteran and that he suffers from Post-Traumatic Stress Disorder.

Plaintiff's objection does not explain why this district is the correct venue for this suit. The acts or omissions alleged by Plaintiff took place in states other than Nevada. (*See* ECF No. 1-1.) Accordingly, there are no alleged facts that tie this suit to this district.

Plaintiff did not otherwise object to Judge Denney's analysis of improper venue. The Court is not required to "review . . . any issue that is not the subject of an objection" to an R&R. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court, accordingly, adopts the R&R in whole; denies Plaintiff's objection; dismisses Plaintiff's Complaint without prejudice; and denies Plaintiff's application to proceed *in forma pauperis* as moot.

DATED THIS 29th day of October 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE